Filed 7/2/21  P. v. Heitz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JACOB SEAN HEITZ,<br><br>Defendant and Appellant. | C091739<br><br>(Super. Ct. No. 19CR28452) |

A jury found defendant Jacob Sean Heitz guilty of battering his girlfriend and assaulting her with a semiautomatic firearm, and the trial court sentenced him to six years in prison.  Defendant now contends the trial court (1) abused its discretion in denying his motion for a new trial, and (2) erroneously admitted evidence that his girlfriend had

1

previously been a victim of domestic violence. Finding no merit in the first contention, and concluding that the second contention is forfeited and that defendant has not established prejudicial ineffective assistance, we will affirm the judgment.

BACKGROUND

Defendant dated Adrian for approximately six months. Several months into the relationship, defendant frequently accused Adrian of cheating on him. He set up cameras around the house and camera monitors in the garage, and began carrying a handgun in his pocket.

One evening, Adrian was in bed with her young daughter at defendant's home, playing a game on her phone. Defendant entered the room yelling and accused Adrian of texting someone. He grabbed Adrian's phone and ran to the garage. Adrian followed him to get her phone back. They argued and defendant pushed Adrian into a table saw that scratched her back. Adrian started crying and said she wanted to go home. She was able to retrieve her phone and tried to exit the garage, but defendant kept shutting the garage door.

Defendant grabbed his handgun and started yelling. He pointed the gun at Adrian and said, "if you don't fucking tell me the truth right away, I will blow your brains out." Adrian believed he was going to the pull the trigger and that she would die. Adrian ran out of the garage, grabbed her daughter, and drove away. She did not immediately report the matter to the police because she was terrified defendant would find out and become angrier.

Approximately one month after the incident in the garage, Adrian went to the police to report defendant's behavior. She said defendant waved his gun around a lot but did not disclose that defendant pointed a gun at her and threatened her because she was too terrified. One week later, she returned to the police department to request a protective order because defendant was harassing her, and she again did not disclose all

2

of the details in the garage.  At trial, she testified she did not disclose the full details at first because she had been down that road before and it never turned out good.

An officer later called Adrian to tell her the protective order had been issued.  He asked if defendant owned any firearms, and Adrian said yes and told him that defendant had pointed a firearm at her.  Adrian went to the police department and told them that defendant had accused her of cheating on him, waved his gun around, pointed it at her, and said that if she did not tell him the truth, he would blow her brains out.  Adrian said she was afraid to testify about the assault at trial because she felt like "if it goes the opposite way he is going to come after me."

The jury found defendant guilty of assault with a semiautomatic firearm (Pen. Code, § 245, subd. (b))[1] and domestic battery (§ 243, subd. (e)(1)), and also found true a firearm enhancement allegation related to the assault charge.  However, the jury could not reach a verdict on a criminal threats charge (§ 422, subd. (a)) and the trial court declared a mistrial on that count.

Defendant moved for a new trial, arguing there was insufficient evidence to support the assault conviction because there was no evidence defendant's firearm was loaded.  The trial court said it reviewed its notes and remembered the evidence of the investigation and the testimony of the victim, and it denied the motion for new trial.

The trial court sentenced defendant to an aggregate six years in prison, consisting of the low term of three years for the assault, plus a consecutive three years for the firearm enhancement, and a concurrent 190 days in jail for the domestic battery.  The trial court also issued a 10-year protective order.

---

[1] Undesignated statutory references are to the Penal Code.

DISCUSSION

I

Defendant contends the trial court abused its discretion when it denied his motion for new trial. He argues a conviction for assault with a firearm must be supported by evidence that the gun was loaded, but no such evidence was presented here. The People counter that the trial court properly found sufficient credible evidence to support the assault with a firearm conviction, given that circumstantial evidence supported a finding that the gun was loaded. We agree with the People.

"On a motion for a new trial, a trial court must review the evidence independently, considering the proper weight to be afforded to the evidence and then deciding whether there is sufficient credible evidence to support the verdict. [Citation.] 'A trial court's ruling on a motion for new trial is so completely within that court's discretion that a reviewing court will not disturb the ruling absent a manifest and unmistakable abuse of that discretion. [Citation.]' [Citation.]" (*People v. Lewis* (2001) 26 Cal.4th 334, 364.)

" 'A long line of California decisions holds that an assault is not committed by a person's merely pointing an (unloaded) gun in a threatening matter at another person.' " (*People v. Penunuri* (2018) 5 Cal.5th 126, 147, citing *People v. Rodriguez* (1999) 20 Cal.4th 1, 11, fn. 3 (*Rodriguez*).) However, a fact finder may determine the gun is loaded based on circumstantial evidence, and an assault conviction will be upheld on appeal if the inference is reasonable. (*Rodriguez,* at p. 12.) Specifically, "[a] defendant's own words and conduct in the course of an offense may support a rational fact finder's determination that he used a loaded weapon." (*Id.* at p. 13; see also *People v. Lochtefeld* (2000) 77 Cal.App.4th 533, 541 [a defendant's verbal threats and displaying and aiming a gun at others can fully support a finding by the factfinder that the gun was sufficiently operable].)

In considering defendant's motion for new trial, the trial court independently weighed all the evidence, resolved conflicts in light of the record, and satisfied itself that

4

the verdict was supported by sufficient credible evidence.  Adrian testified that defendant, angry that she was cheating on him, pointed the gun at her from two feet away and threatened to blow her brains out.  This testimony was sufficient evidence to support a finding that the gun was loaded, and thus support the verdict.  (See, e.g., *Rodriguez, supra*, 20 Cal.4th at p. 12; *People v. Mearse* (1949) 93 Cal.App.2d 834, 836-838; *People v. Montgomery* (1911) 15 Cal.App. 315, 318.)  To the extent defendant argues Adrian's testimony was dubious, he is challenging her credibility.  But we do not reweigh evidence or reassess a witness's credibility on appeal.  (*People v. Lindberg* (2008) 45 Cal.4th 1, 37.)

The trial court did not abuse its discretion in denying the motion for new trial.

II

Defendant next contends the trial court erred when it permitted Adrian to testify that she had "been down this road before" and it never turns out good.  He argues her testimony was vague as to whether defendant or someone else had previously committed acts of domestic violence against her, and thus was more prejudicial than probative and rendered the trial fundamentally unfair.  Defendant contends that as a result, he is entitled to reversal on both counts.  Recognizing this objection may not have been adequately preserved, defendant argues his counsel was constitutionally ineffective for failing to object.  We conclude defendant forfeited his claim on appeal and that his counsel's failure to object did not prejudice defendant.

At trial, Adrian testified that she had "been down this road before and it never turns out good."  Later, when asked why she did not initially disclose the firearm incident to the police, Adrian said, "as I said I've been down the road and no one ever helped me, so I just have to depend on myself and that's the route that I was taking."  Defendant did not object to either exchange.  However, when the prosecution asked Adrian if she had ever been in a situation similarly violent and threatening to defendant's assault in the

5

past, defendant objected on relevance and Evidence Code section 352 grounds, and the trial court sustained the objection.

Based on this record, defendant did not make a timely and specific objection that Adrian's testimony was unduly prejudicial. As a result, defendant's claim that the trial court abused its discretion under Evidence Code section 352 by admitting Adrian's testimony is forfeited on appeal. (*People v. Harrison* (2005) 35 Cal.4th 208, 230-231 [timely and specific objection on Evidence Code section 352 grounds required to preserve issue for appeal]; see also, *People v. Alexander* (2010) 49 Cal.4th 846, 905 [defendant's relevance objection to evidence at trial was insufficient to preserve claim for appeal that evidence was unduly prejudicial].)

Anticipating this possibility, defendant argues his counsel was ineffective for failing to object. But because he has not established prejudice, the argument fails.

To prevail on a claim of ineffective assistance of counsel, defendant must prove (1) that trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) that the deficiency resulted in prejudice to defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674].) Defendant must show that there is " 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " (*People v. Maury* (2003) 30 Cal.4th 342, 389.)

Here, it is not reasonably probable that the jury would have reached a different verdict had it not been able to consider Adrian's statements. First, it is clear from Adrian's testimony that when she said she had been down that road before, she was referring to her ex-husband, not defendant. The first time she made this statement, she expressly said it referred to her ex-husband. The second time, she prefaced her statement with "as I said before," which alludes to her original statement about her ex-husband. The two statements were brief and the prosecution did not elicit any further testimony on

6

the topic. And the evidence against defendant was substantial. Defendant has not established prejudicial ineffective assistance.

DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
HULL, Acting P. J.

/S/
RENNER, J.

7